Finding no error in the record, the judgment is affirmed.

---

## CATES v. STATE. (No. 9619.)

(Court of Criminal Appeals of Texas. Dec. 2, 1925.)

Criminal law ⬯369(2)—In prosecution for unlawfully obstructing public highway, admission of evidence held reversible error as relating to extraneous matter.

In a prosecution for obstructing a public highway, admission of testimony that more than six months before the date of the offense witness saw accused put poles on the side of the road, and of order of commissioners' court ordering accused to clear the road, without showing that accused knew anything about the order before copy of it was served on him, *held* reversible error as relating to extraneous matter.

Commissioners' Decision.

Appeal from Denton County Court; Brent C. Jackson, Judge.

J. A. Cates was convicted of unlawfully obstructing a public highway, and he appeals. Reversed and remanded.

Hopkins & Koons, of Denton, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is unlawfully obstructing a public highway, and the punishment is a fine of $35.

The information charges that the appellant unlawfully obstructed the Little Elm and Frisco highway on or about the 1st day of December, 1924. In making its case in chief, and before the appellant had testified or offered any testimony on the trial of the case, the state proved by one Cleveland that in the spring of 1924 he saw the appellant putting poles on the side of the Denton to Little Elm road between the ditch and the road. The state also introduced an order of the commissioners' court of date May 13, 1924, showing that the commissioners' court had ordered the appellant to move certain poles and lines to the fence lines along said Denton and Little Elm road; same to be removed not later than the 15th day of June, 1924. Before the introduction of this testimony, the state had also proved beyond dispute by the county engineer and others that in December, 1924, the appellant in building a telephone line along the Little Elm and Frisco highway had placed some of his posts or poles in such a way as to obstruct the free working of said Little Elm and Frisco highway. The appellant objected to the testimony of Cleveland and also to the introduction of the order of the commissioners' court, it being his contention that this proved a distinct and separate offense and had no bearing on the case on trial, and further that the appellant was not bound by the order of the commissioners' court, but the same was a mere recital by that body; it not being shown that appellant was present or knew anything about said order at the time it was entered by said court and knew nothing about it until a copy of it was later served on him.

We think that the appellant's contention with respect both to the testimony of Cleveland and to the introduction of the order of the commissioners' court is correct. This was an extraneous matter introduced by the state which did not in any manner shed light on the question under investigation. Dyerle v. State (Tex. Cr. App.) 68 S. W. 174; Richardson v. State, 46 Tex. Cr. R. 61, 79 S. W. 576; Richardson v. State, 47 Tex. Cr. R. 592, 85 S. W. 282; Hatfield v. State (Tex. Cr. App.) 67 S. W. 110.

Because of the admission of the foregoing testimony, this case is reversed, and the cause is remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## HAILER v. STATE. (No. 9532.)

(Court of Criminal Appeals of Texas. Nov. 18, 1925. Rehearing Denied Dec. 23, 1925.)

1. Criminal law ⬯968(13)—Objection, by motion, in arrest of judgment to minutes of district court, defective in failing to show return of indictment of accused, held too late to merit consideration.

Objection, by motion, in arrest of judgment to minutes of district court, defective in failing to show return of indictment of accused, came too late to merit consideration, where, if the objection had been made in limine, the minute entry could have been made nunc pro tunc.

2. Criminal law ⬯1184—Sentence made pursuant to verdict held subject to correction.

In a prosecution for manufacturing intoxicating liquor, where the verdict fixed the penalty at 2 years in the penitentiary, a sentence which directed accused be confined in the penitentiary for two years will be corrected, so as to direct confinement therein for not less than one nor more than two years.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Chambers County; J. M. Combs, Judge.

W. J. Hailer was convicted of manufacturing intoxicating liquor, and he appeals. Sentence reformed, and judgment, as corrected, affirmed.

E. B. Pickett, Jr., of Liberty, 'for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Chambers county of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Officers, searching for contraband liquor, found appellant in a house alone, and in a little outhouse a short ways from the dwelling they found two new stills running intoxicating liquor. There were also four or five barrels of mash in said outhouse and two 15-gallon kegs each about half full of whisky. Appellant's car was in a nearby garage with some whisky in it and quite a number of empty whisky bottles were under the back seat. There was a plain trail from the dwelling to the little outhouse. Appellant's defense was that a negro named Sterling was the maker of the whisky, and that he had gone out the night before to get some whisky from Sterling and found it not yet cooked off, and that he remained all night at the house with the expectation of getting some liquor in the morning. Appellant explained his failure to produce Sterling by saying that the latter was dead; that he had died shortly after said raid. The officer testified that the raid was made about the 30th of August and the state, by other testimony, showed that said negro, Sterling, died on the 18th of August.

[1] Appellant made a motion in arrest of judgment upon the ground that the minutes of the district court of Chambers county failed to show that any indictment was returned against him. A number of cases are collated on page 190, Vernon's Annotated C. C. P., under article 446 of same, supporting the proposition that defects or omissions in the entry upon the minutes of the district court as to the presentment can only be availed of when the objection is made in limine; also holding that such defects are not available after verdict. Proof was adduced on the hearing of appellant's motion showing the proper organization of the grand jury and the proper return into open court of the indictment herein, and of the fact that the indictment was properly presented and filed by the clerk. We are of opinion that, had the objection of appellant been made in limine, the minute entry could have been

made nunc pro tunc, and that the objection comes too late.

[2] The sentence pronounced recites that appellant has been adjudged guilty, etc., and his punishment assessed by the verdict of the jury at confinement for not less than one nor more than two years, and then proceeds to direct that he be confined in the penitentiary for two years. This was all incorrect. The verdict fixed the penalty at two years in the penitentiary, and the sentence should have directed confinement therein for not less than one nor more than two years. Said sentence will be corrected to conform to what has just been said, and as reformed will be affirmed.

The judgment is affirmed.

---

Ex parte McNEAL.   (No. 9907.)

(Court of Criminal Appeals of Texas.   Nov. 25, 1925.)

Bail ⬅️49—Evidence held insufficient to show likelihood of capital conviction, and bail granted.

On hearing for bail of defendant, charged with rape, evidence *held* insufficient to satisfy appellate court that upon trial before fair and impartial jury death sentence would be inflicted, and therefore bail would be granted.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

George W. McNeal was charged with rape, and from a judgment denying him bail he appeals. Reversed and remanded.

O'Fiel, Wiedemann & Regan and Howth, Adams & Hart, and J. T. Kitching, all of Beaumont, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. This is an appeal from an order and judgment of the Fifty-Eighth district court of Jefferson county, Tex., denying appellant bail.

The facts stated in the record are meager. Appellant was charged with rape of a girl under the age of consent. For some reason the state did not see fit to use this girl as a witness on this hearing. Her mother testified that on Saturday night, April 19, 1924, she had occasion to examine the girl and found that her privates were irritated, torn, and bleeding. She further said that she got a doctor to examine the girl. She also stated that on the same night the wife of appellant, accompanied by a Mr. Fudge and his wife, came to see her. Also that soon after the alleged occurrence Drs. Tatum and Holland examined the girl. The testimony of this